UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN CARLOS BELTRAN, and ROSA MARIA BELTRAN )<br><br>*Plaintiffs,*<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as*<br>*Secretary of The Department of Homeland Security*<br><br>JOSEPH B. EDLOW, *in his official capacity as Director*<br>*of the United States Immigration and Citizenship Services*<br><br>CARRIE M. SELBY, *in her official capacity as Acting*<br>*Associate Director, USCIS Service Center Operations*<br>*Directorate*<br><br>SARAH KENDALL, *in her official capacity as Associate*<br>*Director, Field Operations Directorate*<br><br>TODD BLANCHE, *in his official capacity as*<br>*Attorney General of the United States*<br><br>*Defendants.* | **Civil Docket No.:** |

## PETITION FOR WRIT OF MANDAMUS AND
## COMPLAINT FOR INJUNCTIVE RELIEF

NOW COMES Plaintiffs Juan Carlos Beltran and Rosa Maria Beltran in the above-captioned case, and hereby respectfully moves this Honorable Court to grant this individual action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201, the Mandamus Act 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., to compel the Defendants to exercise their nondiscretionary duty for USCIS to adjudicate their Form I-601A, Application for Provisional Unlawful Presence Waiver.

1

## INTRODUCTION

Plaintiff Rosa Maria Beltran is the beneficiary of an approved family-based immigrant visa petition. The petition was filed by her United States Lawful Permanent Resident (LPR) spouse Juan Carlos Beltran. While U.S. Citizenship and Immigration Services (USCIS) has approved the Form, I-130, Petition for an Alien Relative filed on her behalf so she could obtain an immigrant visa, its officers erroneously erred in denying her application for provisional waiver under the assumption that a Response to the Request for Evidence (RFE) was never received.

Approval of the 601A is a critical step required before plaintiff Rosa Maria can be ready for her consular process appointment abroad, which has tremendously affected plaintiffs' substantive rights that has her stuck in a bureaucratic nightmare as she cannot obtain a work permit and remains susceptible to removal from the United States due to USCIS' erroneous error.

Without the timely processing of her 601A, Rosa Maria cannot finalize the process to become a lawful permanent resident. As such, defendants have not acted with due regard for the convenience and necessity of plaintiffs as the Administrative Procedure Act (APA) requires. Therefore, plaintiffs seek relief pursuant to the APA to end this harmful, unfair, unreasonable, excessive delay and deliberate failure to thoroughly process plaintiffs' application.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), because this matter arises under the laws of the United States, particularly the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 701 et seq., 701 (a)(2), 706(1), and the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202.

2. This Court has the authority to grant relief pursuant to the APA, 5 U.S.C. § 701 *et seq.*, to compel agency action that is unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1). The United States has waived sovereign immunity pursuant to 5 U.S.C. § 702.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1), as a substantial part of the events and omissions giving rise to these claims occurred in the District of Michigan.

## PARTIES

4. Plaintiff Juan Carlos Beltran is a United States (LPR) and husband of plaintiff Rosa Maria Beltran who resides at 2017 Beard Street in Detroit, MI with his non (LPR) wife.

5. Plaintiff Rosa Maria Beltran is the non-United States (LPR) wife of Plaintiff Juan Carlos Beltran who resides at 2017 Beard Street in Detroit, MI with her United States (LPR) husband.

6. Defendant Markwayne Mullin is sued in his official capacity as Secretary of Department of Homeland Security ("DHS"). As Secretary of DHS, Mr. Mullin is responsible for the administration and enforcement of the immigration laws of the United States. His office is located at 245 Murray Lane, Building 410, SW, Washington, DC 20528.

7. Defendant Joseph B. Edlow is sued in his official capacity as the Director of the United States Citizenship and immigration Services (USCIS). As Director of USCIS, Mr. Edlow is responsible for the overall administration of USCIS and the implementation of the immigration laws of the United States. His office address is located at 20 Massachusetts Ave, NW, Washington, DC 20529.

8. Defendant Carrie M. Selby is the Acting Associate Director, of the United States Citizenship and Immigration Services (USCIS) Service Center Operations Directorate,

whose office address is 207 MLK Jr. Ave, SE, Washington, DC 20528.

9. Defendant Sarah Kendall is the Associate Director, of the United States Citizenship and Immigration Services (USCIS) Field Operations Directorate, whose address is 207 MLK Jr. Ave, SE, Washington, DC 20528.

10. Defendant Todd Blanche is sued in his official capacity as the Attorney General of the United States. As Attorney General of the United States. Mr. Blanche is responsible for the enforcement of the Immigration laws of the United States. His official address is located at the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

## FACTUALBACKGROUND

11. On October 19, 2020, Plaintiff Juan Carlos Beltran a U.S. (LPR) filed a Form, I-130 Petition for an Alien Relative on behalf of his wife and plaintiff Rosa Maria Beltran requesting the government to recognize his non (LPR) wife as an immediate relative for immigration purposes.

12. USCIS approved that petition by issuing an Approval Notice on February 17, 2022, under receipt number IOE0910052043. (Exhibit 1)

13. The approval of their I-130 petition allows for his non (LPR) spouse to consular process abroad and apply to the U.S. Department of State (DOS) for an immigrant visa to begin her adjustment of status process to that of a (LPR).

14. To obtain a provisional unlawful presence waiver, plaintiff Rosa Maria filed a Form, I-601A, Application for Provisional Unlawful Presence Waiver on August 2nd, 2023.

15. USCIS issued a Request for Evidence (RFE) on November 12th, 2025. (Exhibit 2)

16. **On December 10th, 2025,** plaintiff Rosa Maria filed her Response to the (RFE) and

mailed it via Federal Express (FedEx) under tracking number 886939013013. (Exhibit 3)

17. On **December 12th, 2025,** at 9:54 a.m., an officer of USCIS with the initial R. whose last name is Rodriguez at the Texas Service Center (TSC) located at 6046 N. Belt Line Rd., Ste. 114, Irving, TX signed and accepted the FedEx delivery with the Response to the RFE enclosed in the envelope. *See* proof of delivery. (Exhibit 4)

18. However, on **December 26th, 2025,** USCIS knowingly issued a decision denying her request for the provisional waiver about 14 days after officer Rodriguez accepted and signed the proof of delivery of her Response and wrongly alleged on the fourth paragraph of its decision letter that **"We have not received a response from you."** (Exhibit 5)

19. A detailed history from Case Tracker for USCIS via usciscasetracker.com reveals the following entries: (1) Nov 06, 2025, that the RFE was mailed. However, the official date on the RFE letter is November 12th, meaning the letter was mailed after that date and not on the 6th, as entered; (2) the next entry dated Dec 17, 2025, indicates **"We received your response."** (Exhibit 6)

20. Yet on the 26th of December, USCIS boldly denied plaintiff Rosa Maria's request for provisional waiver for failure to respond to the RFE.

21. According to USCIS' website, the timeline to complete processing of the I-601A is 27 months. It has now been 32 months since the agency abandoned and failed to process Rosa Maria's application within a reasonable timeline as required under the APA. (Exhibit 7)

22. Therefore, plaintiff Rosa Maria, the immediate relative of her U.S. (LPR) husband and

beneficiary of an approved I-130 petition, and I-212 Application to Reapply for Admission after Deportation or Removal has been stuck in limbo because she cannot consular process abroad to apply for an immigrant visa with the (DOS) to adjust status. (Exhibit 8)

23. USCIS has nondiscretionary duty to decide on an application for provisional waiver within a reasonable amount of time but has failed to perform said duty owed to plaintiffs.

24. As such, this unlawful withholding in adjudicating the Form 601A has greatly impacted plaintiffs' quality of life as Rosa Maria cannot obtain a work permit for lawful employment purposes, in addition to not being able to adjust status without USCIS' complete processing of her application.

25. Furthermore, Rosa Maria suffers from a number of active health conditions including the following: primary hypertension; pulmonary embolism; type 2 diabetes mellitus; acute diverticulitis; acute cholecystitis; glaucoma suspect; falling while walking of which she was hospitalized; class 3 severe obesity; migraine and depression.
Her current medication on file include: ondansetron 4 MG tablet; acetaminophen 325 MG tablet; lisinopril 20 MG tablet; DU Loxetine 30 MG capsule; cyclobenzaprine 10 MG tablet; oxybutynin 10 MG tablet, calcium carbonate 600 mg calcium (1500 mg) Tab; cefuroxime (Ceftin); metronidazole (Flagyl); ondanstron (Zofran); and ibuprofen 800 MG tablet. (Exhibit 9)

26. In addition to Rosa Maria's health conditions, she is the caregiver to her husband of more than forty-four years who also suffers from chronic illnesses requiring careful attention and monitoring.

27. As the breadwinner of their household, Juan Carlos suffers from diabetes, H. pylori

infection, which causes ulcers and gastritis that can lead to cancer; sleep apnea which he uses a C-Pap machine to increase air flow while he sleeps and severe dental problems. Therefore, Rosa Maria goes with him to his doctor's appointments and prepares healthy diabetic meals to make sure they are getting the proper nutrients. She reminds him to take his medication which he often forgets. Without her help and support, Juan Carlos would experience extreme and exceptional hardship that can lead to death.

28. For those reasons, plaintiffs ask the Court to compel defendants to expeditiously process Rosa Maria's application for provisional waiver within 30 days, which is a reasonable timeline under the APA as a matter of law being that the Response was delivered 4 months ago as indicated on the FedEx proof of delivery. (Exhibit 4)

29. This cannot go on forever and USCIS cannot simply abandon her application without thorough processing and adjudication. Additionally, USCIS cannot simply ignore her timely filed Response to the (RFE) then proceeded to issue a final decision denying the request for the benefit sought in claiming that Rosa Maria abandoned her application when she failed to respond when officer Rodriguez signed the proof of delivery 14 days prior. (Exhibit 4)

30. Therefore, plaintiffs ask this Honorable Court to order USCIS to expedite the processing and complete adjudication of her 601A application because the reasonable timeline under the APA has become excessively and extremely unreasonable.

## EXHAUSTION

31. There are no available remedies for plaintiffs to exhaust.

## LEGAL BACKGROUND

### *Family-Based Immigrant Visas and Provisional Unlawful Presence Waivers.*

32. To become U.S. lawful permanent residents in a family-based category, plaintiffs must complete a two-step process.

33. First, a U.S. citizen or U.S. (LPR) must file a petition with USCIS for an immigrant visa classification on behalf of their noncitizen relative using a Form I-130 Petition for Alien Relative. *See* 8 U.S.C. § 1154(a)(1); 8 C.F.R. § 204.2.

34. Second, if USCIS approves the petition, noncitizens who will go abroad for consular processing must apply to the State Department for an immigrant visa. *See* 8 U.S.C. § 1201(a), 1202(a); 22 C.F.R. § 42.61-62.

35. Noncitizen beneficiaries of an approved immigrant visa petition who are (a) unlawfully present in the United States, and (b) not lawfully admitted or paroled into the United States, like plaintiff Rosa Maria, must appear at a consulate abroad in order to apply for issuance of an immigrant visa and then seek admission at a port of entry. *See* 8 U.S.C. § 1201(a); 22 C.F.R. §§ 42.61-62.

36. A noncitizen "unlawfully present" in the United States who has not been admitted or paroled is, with limited exceptions, ineligible to adjust status in the United States on the basis of a family-based immigrant petition. 8 U.S.C. § 1182(a)(9)(B); 8 U.S.C. § 1255(a). A noncitizen is "deemed" to be unlawfully present if "present in the United States after the expiration of the period of stay authorized by the [DHS Secretary][1]

---

[1] After Congress transferred immigration authority to DHS in 2003, a statutory reference to the Attorney General is "deemed to refer to the [DHS] Secretary." *See* 6 U.S.C. § 557.

or is present in the United States without being admitted or paroled." 8 U.S.C. § 1182(a)(9)(B)(ii).

37. If the noncitizen departs the United States after being unlawfully present for more than 180 days but less than one year without receiving the provisional waiver, they become inadmissible to the United States and are ineligible for a visa for three years. 8 U.S.C. § 1182(a)(9)(B)(i)(I).

38. If the noncitizen departs the United States after being unlawfully present for at least one year, without receiving the provisional waiver, they become inadmissible to the United States and are ineligible for a visa for ten years from their date of departure. 8 U.S.C. § 1182(a)(9)(B)(i)(II).

39. A consular officer cannot approve an immigrant visa if the officer knows that the applicant is ineligible to receive a visa. 8 U.S.C. § 1201(g).

40. Congress gave the DHS Secretary the exclusive authority to waive inadmissibility for unlawful presence for "an immigrant who is the spouse or the son or daughter" of a U.S. citizen or U.S. lawful permanent resident, if the Secretary determines that the U.S. citizen or U.S. lawful permanent resident spouse or parent of the immigrant would suffer "extreme hardship" if the immigrant is refused admission to the United States. *See* 8 U.S.C. § 1182(a)(9)(B)(v); 8 C.F.R. § 212.7(e)(3). The Secretary exercises this authority through USCIS. *See* 8 C.F.R. § 212.7(e)(3).

41. In 2013 and 2016, DHS, through its component USCIS, promulgated detailed regulations that permit certain individuals who are present in the United States to request from USCIS a provisional waiver of inadmissibility before departing the United States for consular processing of their immigrant visas. *See Expansion of*

9

*Provisional Unlawful Presence Waivers of Inadmissibility; Final Rule*, 81 Fed. Reg. 50244, 50245 (July 29, 2016); *Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives; Final Rule*, 78 Fed. Reg. 536(Jan. 3, 2013). "Having an approved provisional waiver helps facilitate immigrant visa issuance at DOS, streamlines both the waiver and the immigrant visa processes, and reduces the time that applicants are separated from their U.S. citizen or LPR family members, thus promoting family unity." 81 Fed. Reg. at 50244.[2]

42. When adjudicating provisional waiver applications, USCIS officers may issue a Request for Evidence (RFE) to applicants to obtain more information as to eligibility before issuing a decision, including, but not limited to, evidence of extreme hardship. For other types of filings, USCIS may provide up to 87 days to submit a response to an RFE.

43. In keeping with the agency's streamlining of the provisional waiver application process, USCIS sets a deadline of days for responses to RFEs issued in connection with Form I-601A applications. *See* 1 USCIS Policy Manual Part E, ch. 6, § F.3. "USCIS will retain the 30-day RFE response period, because USCIS and DOS closely coordinate immigrant visa and provisional waiver application processing. The 30-day RFE response time streamlines USCIS processing, prevents lengthy delays at DOS, and allows applicants to complete immigrant visa processing in a timely manner." 81 Fed. Reg. at 50258.

---

[2] An outstanding final order of removal does not render an otherwise eligible noncitizen ineligible, if "the [noncitizen] has already filed and USCIS has already granted . . . an application for consent to reapply for admission under section 212(a)(9)(A)(iii) of the Act and 8 CFR 212.2(j)." 8 C.F.R. § 212.7(e)(4)(iv).

44. The noncitizen is allowed to wait in the United States while USCIS adjudicates the provisional unlawful presence waiver but having a pending or approved waiver application does not qualify an individual to seek work authorization or grant them any lawful immigration status. 8 C.F.R. § 212.7(e)(2).

45. Without an approved Form I-601A provisional waiver, Plaintiffs will become subject to the unlawful presence bar when they depart the United States to complete the consular processing required to become U.S. lawful permanent residents.

46. For noncitizens who have been unlawfully present for between 180 days and one year, they are barred from readmission for three years, and for those unlawfully present for more than one year, they are barred from readmission for ten years following their departure from the United States, unless USCIS approves their applications for provisional waiver before they depart the United States or unless they apply for and are approved for a distinct waiver form, the Form I-601, while abroad.

47. As of today, USCIS has published a processing time of 27 months for the I-601A unlawful presence waiver form. Therefore, Plaintiff Rosa Maria must (1) wait for USCIS to adjudicate her pending applications (2) leave, or (3) submit a different Form 601A with additional filing fees, and (4) wait many years abroad separated from her spouse of more than forty years, and her 9 U.S. citizen grand children while waiting for the I-601A to be fully processed.

**MANDAMUS ACT**

48. Plaintiffs incorporate paragraphs 1 to 47 as fully stated herein.

49. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to plaintiffs.

50. Plaintiffs have a clear right to the relief requested as Rosa Maria is eligible for adjudication of the I-601A application by virtue of filing the application I accordance with the regulations.

51. Defendants have a clear duty to perform the act in question and fully process the I-601A within a reasonable time under the circumstances.

52. Under the circumstances, it is unreasonable for defendants to further delay processing and adjudication of the Response to the (RFE).

**ADMINISTRATIVE PROCEDURAL ACT**

53. Plaintiffs reallege and incorporate by reference all allegations above as though fully restated here.

54. The APA provides for judicial review when a person is adversely affected by agency action. 5 U.S.C. § 702. Agency action includes an agency's failure to act. 5 U.S.C. § 551(13). A court "shall compel agency action . . . unreasonably delayed." 5 U.S.C. § 706(1).

55. Defendants and its agency USCIS' duty to adjudicate an application is a discrete, ministerial act that applicants pay for in advance and that USCIS must complete within a reasonable time. USCIS set an appropriate fee for the application for unlawful presence waiver based on the statute. Fed. Reg. at 50260.

56. USCIS' delay in processing Rosa Maria's provisional waiver application impacts human health and welfare, not merely economic interests, as plaintiff is denied the

opportunity to obtain lawful status in the United States; to seek authorized employment, 8 C.F.R. § 212.7(e)(2); and to plan her future with her family.

57. The delay leaves plaintiff Rosa Maria and her family in a state of uncertainty about whether they will be able to continue living together in the United States and leaves her without work authorization.

58. Plaintiffs have suffered irreparable harm from defendants' delay to fully and completely process and adjudicate the provisional waiver application.

## PRAYER FOR RELIEF

WHERFORE, plaintiffs request that this Honorable Court to grant the following relief:

A. Take jurisdiction over this matter;

B. Declare that defendants have violated the Administrative Procedure Act by abandoning plaintiffs' request due to unreasonable and excessive delay in adjudicating the relief sought from the Form, 601A, Application for Provisional Unlawful Presence Waiver;

C. Enter an Order compelling defendants to fully process and issue a decision on the Response to the (RFE) delivered and accepted on December 12, 2025, by officer R. Rodriguez at the USCIS' Texas Service Center within 30 days of the date of receipt;

D. Award plaintiffs reasonable attorneys' fees and cost under the Equal Access to Justice Act, 28 U.S.C. § 2412 (d), 5 U.S.C. § 504, or any other applicable law; and

E. Enter and issue other relief that this Honorable Court deems just and proper.

April 14, 2026,

Respectfully submitted,

/s/ Stephen A. Lagana

Counsel for Plaintiffs
Stephen A. Lagana, Esq.
BBO: 565811
Law Office of Stephen A Lagana
145 Essex Street
Lawrence, MA 01840
(978) 794-2331
Lagana.law@gmail.com